DREW, Justice.
Petition for certiorari in this compensation proceeding controverts an order of the commission affirming an order denying claim for reimbursement from the special disability fund.
Claimant in this case has been awarded permanent total disability compensation based on a finding of 25% permanent partial orthopedic disability coupled with *2 permanent total psychiatric disability. The initial order of the deputy attributed 60% of the present disability to the current injury and that part of the psychiatric disability caused by the injury.
Claimant’s employer in this case . had notice of a pre-existing loss of sight in his left eye. Claimant suffered a compensable back injury in his employment and shortly thereafter lost the sight of his other eye from cataracts, unrelated to the accident. Prior to the award claimant became totally disabled from a psychiatric disorder attributable, according to the undisputed evidence, 50% to the industrial injury and its sequela and 50% to claimant’s blindness.
Upon the basis of a further statement from the medical testimony, that claimant “would not have had any psychiatric condition arising, out of the left eye” alone, the deputy commissioner concluded that the pre-existing “loss of sight in the left eye did not contribute to the psychiatric difficulty,” and claim for reimbursement from the special disability fund was denied on the theory that the greater loss of earning capacity resulted from merger of the orthopedic injury with “intervening difficulties,” i. e. loss of sight in the second, eye by cataracts, rather than merger with a pre-existing physical impairment as required by the act.
This reasoning, in our opinion, overlooks the obvious fact that in the absence of the pre-existing impairment the “intervening difficulties” here would not have resulted in the total blindness to which a part of claimant’s ultimate psychiatric disability is attributed. Thus the loss of vision in each eye separately remains a contributing factor in total blindness,[1] and the original loss of impairment in this instance, of which the employer was aware, is a causative factor in producing the psychiatric disability with which the disability attributed to the current injury has merged.
The order of the commission should accordingly be quashed and the cause remanded with directions for further proceedings in accordance with this conclusion.
It is so ordered.
THOMAS, Acting C. J., ROBERTS, J., and SACK, Circuit Judge, concur.
CALDWELL, J., dissents.

. Cf. Florida Game and Fresh Water Fish Comm. v. Driggers, Fla.1953, 65 So.2d 723.